IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| GARY R. LACKEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-01067-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO AMEND
## AND DENYING MOTION TO REMAND

Plaintiff filed suit against Defendants Wells Fargo Bank, N.A., Federal Home Loan Mortgage Corporation, and Kozeny and McCubbin, L.C. in Clay County Circuit Court alleging that Defendants pursued an illegal foreclosure action against Plaintiff. Defendants removed the case to this Court on October 19, 2011 (Doc. 1).

Pending before the Court is Plaintiff Gary R. Lackey, Jr.'s "Motion to Amend Petition/Complaint and to Remand to State Court" (Doc. 19) and Defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's "Consolidated (1) Opposition to Portions of Plaintiff's Motion for Leave to Amend Complaint/to Remand; and (2) Reply in Support of Motion to Dismiss Amended Complaint" (Doc. 20). Also pending before the Court are Defendants Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation's "Motion to Dismiss Amended Complaint" (Doc. 9) and "Defendant Kozeny and McCubbin, L.C.'s Motion to Dismiss" (Doc. 12). For the reasons discussed herein, the Plaintiff's Motion to Amend is GRANTED, Plaintiff's Motion to Remand is DENIED, and Defendants' Motion to Dismiss is DENIED at this time.

**Discussion**

**A. Plaintiff's Motion to Amend is granted.**

A court may freely grant leave for a party to amend its pleading when justice requires. Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178 (1962). Since filing his pro se petition in state court, Plaintiff has retained counsel. Plaintiff now seeks to amend his complaint in order to reframe his legal claims and add Mortgage Electronic Registration Systems, Inc as a Defendant. Plaintiff should be given an opportunity to cure any defect in his original pleadings by amending. Defendants do not oppose the Motion to Amend and will not be prejudiced by the amendment. Thus, Plaintiff's Motion for Leave to Amend is GRANTED.

**B. Plaintiff's Motion to Remand is denied.**

A defendant may remove a case to federal court "only if the action originally could have been filed there." *Junk v. Terminex Int'l. Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)); 28 U.S.C. § 1441(a)-(b). "A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction." *Junk*, 628 F.3d at 444; 28 U.S.C. § 1447(c). If the district court determines that it does not have subject matter jurisdiction, it must remand the case. *Junk*, 628 F.3d at 444-45.

Plaintiff asserts that remand is appropriate because all claims in the second amended complaint will be based on state law. Accordingly, in the absence of any federal claims, Plaintiff maintains this Court does not have jurisdiction. However, because the Federal Home Loan Mortgage Corporation remains a party to the litigation, this Court has subject matter jurisdiction.

The Federal Home Loan Mortgage Corporation is a corporate entity organized and existing pursuant to the Federal Home Loan Mortgage Corporation Act. 12 U.S.C. § 1451. It may remove an action filed in state court "to the district court of United States for the district and division embracing the place where the same is pending." 12 U.S.C. § 1452(f)(3). Thus, the Federal Home Loan Mortgage Corporation's presence is enough to confer subject matter jurisdiction. *Canales v. Fed. Home Loan Mortg. Corp.*, No. CV-11-2819-PSG, 2011 WL 3320478 (C.D. Cal. Aug. 1, 2011); *Jones v. Fed. Home Loan Mortg. Corp.*, No. 97-C-5448, 2000 WL 335738 (N.D. Ill. Jan. 3, 2000). Although Plaintiff's amended complaint will not contain any federal claims, jurisdiction is proper due to the Federal Home Loan Mortgage Corporation's continued presence in the action. Because the action is properly before this Court, Plaintiff's Motion to Remand is DENIED.

### C. Defendants' Motion to Dismiss is denied.

Defendants argue that dismissal is proper because Plaintiff has failed to state a claim upon which relief can be granted. However, this argument is premature as Plaintiff has yet to file his second amended complaint. After Plaintiff's second amended complaint is filed, Defendant may raise any grounds for dismissal. Defendants' Motion to Dismiss is DENIED.

### Conclusion

For the foregoing reasons, Plaintiff's Motion to Amend is GRANTED. Because the Court has subject matter jurisdiction based on the Federal Home Loan Mortgage Corporation's continued presence in the litigation, Plaintiff's Motion to Remand is DENIED. Defendants' Motion to Dismiss is also DENIED at this time. Defendants may respond to Plaintiff's second amended complaint after it is filed. Plaintiff shall electronically file his second amended complaint on or before April 9, 2012.

**IT IS SO ORDERED.**

Dated: April 4, 2012   /s/ Greg Kays
                       GREG KAYS,
                       UNITED STATES DISTRICT JUDGE

4

Case 4:11-cv-01067-DGK   Document 29   Filed 04/04/12   Page 4 of 4