IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GARY R. LACKEY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-1067-CV-W-DGK |
| | ) | |
| WELLS FARGO BANK, N.A., et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This case arises from the foreclosure sale of Plaintiff Gary Lackey's home in Kansas City, Missouri on September 19, 2011. Pending before the Court is Defendant Kozeny & McCubbin, L.C.'s ("Kozeny") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 32).[1] Having fully considered the arguments on behalf of both parties, the Court GRANTS Kozeny's Motion to Dismiss.

**Background**

In August of 2007, Plaintiff Gary Lackey purchased a home located at 800 N.E. 12th Terrace, Kansas City, MO 64155, ("the property").[2] On August 7, 2007, Plaintiff executed a Note, payable to Bank of Blue Valley, and a Deed of Trust, granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the property as nominee for Bank of Blue Valley. SMF Registered Service, Inc. was named Trustee of the legal title of the property. The Deed of Trust was recorded with the Clay County, Missouri Register of Deeds on August

---

[1] In ruling on this motion, the Court has considered: Kozeny's "Motion to Dismiss Plaintiff's Second Amended Complaint" (Doc. 32); Kozeny's "Suggestions in Support" (Doc. 33); Plaintiff's "Suggestions in Opposition" (Doc. 36): and Kozeny's "Reply" (Doc. 37).
[2] The property has a legal description of Lot 30, Block 7, Highland Acres, and is part of a subdivision in Kansas City, Clay County, Missouri.

1

20, 2007.  On August 11, 2011 MERS recorded an assignment of its interest in the property as nominee for Bank of Blue Valley to Wells Fargo Bank, N.A. ("Wells Fargo") by an Assignment of Deed of Trust, recorded with the Clay County Recorder of Deeds.  On August 16, 2011, Wells Fargo recorded an Appointment of Successor Trustee at the Clay County Recorder, naming Defendant Kozeny as Successor Trustee to the Deed of Trust.

On September 19, 2011, Kozeny sold the property at a foreclosure sale held at the Clay County Courthouse to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and executed a Successor Trustee's Deed to it on October 7, 2011.  This was recorded by the Clay County Recorder of Deeds on October 12, 2011.

Plaintiff filed a *pro se* petition in Clay County, Missouri Circuit Court on August 30, 2011.  Defendants removed this action to federal court on October 19, 2011.  Plaintiff obtained counsel and then filed his second amended complaint.

**Standard**

In reviewing the adequacy of a complaint, the court assumes the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff.  *Data Mfg, Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009).  However, a court is not required to accept the legal conclusions asserted by the plaintiff in the complaint.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  To survive a 12(b)(6) motion to dismiss, the complaint must do more than recite the bare elements of a cause of action.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It must "allege enough facts to 'nudge' its claims 'across the line from conceivable to plausible.'" *Rinehart v. Envtl. Dynamics, Inc.*, No. 09-4221-CV-C-NKL, 2010 WL 55969, at *1 (W.D. Mo. Jan. 4, 2010) (quoting *Twombly*, 550 U.S. at 570).  To determine whether the complaint states a

2

claim for relief, the court conducts a "context specific" analysis and "draws on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679; *Rinehart*, 2010 WL 55969, at *1.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. *Outdoor Cent, Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1120 (8th Cir. 2011). The court may consider "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

## Discussion

As an initial matter, Plaintiff's complaint is unclear with regard to the claims it alleges against Defendant Kozeny. Defendant Kozeny, through its Suggestions in Support memorandum, addresses the complaint as a quiet title action and a wrongful foreclosure claim. Plaintiff in his reply memorandum argues his complaint sufficiently addresses these claims. The Court therefore will analyze Plaintiff's second amended complaint as a quiet title suit and as a claim for wrongful foreclosure.

**I.      The Complaint does not state a claim to quiet title.**

A suit to quiet title is a special statutory action to adjudge the respective estates, titles, and interests of several claimants to land. *Sharp v. Crawford*, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010) (citations omitted). In Missouri, quiet title actions are governed by Mo. Rev. Stat § 527.150.1. In order to prevail in a quiet title action, it is not necessary that a plaintiff establish an indefeasible title against the whole world. Rather, a plaintiff must show that his title is good as against the particular defendant. *Id.* "In quiet title actions, the burden of establishing superior title is on the party bringing the action, and he must 'prevail on the strength of [his] own title and

3

not on any weakness in the title of the other party.'" *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. App. Ct. 2010) (internal citation omitted). If a plaintiff fails to prove that he holds record title, his cause must fail. *McCord v. Gates*, 159 S.W.3d 369, 374 (Mo. App. Ct. 2004).

## A. Plaintiff fails to state facts sufficient to show a cloud on the title.

Plaintiff alleges that there is a cloud on the property's title because Wells Fargo appointed Defendant Kozeny as successor trustee to the property prior to Wells Fargo receiving the assignment of deed of trust from Bank of Blue Valley.[3] This series of events, Plaintiff argues, created the need for a quiet title action to remove the cloud over the title. Defendant Kozeny responds that Plaintiff's factual allegations are demonstratively untrue and cites the Assignment of Deed of Trust and Appointment of Successor Trustee documents attached by Wells Fargo in their response. Wells Fargo attached Doc. 34-4 and Doc. 34-5 in response to Plaintiff's Complaint to demonstrate how it received the deed of trust, (Doc. 34-5) from MERS as nominee for Bank of Blue Valley first, and then appointed Defendant Kozeny as successor trustee through the Assignment of Successor Trustee (Doc. 34-4). These documents are a matter of public record and can be found at the Clay County, Missouri Recorder of Deeds. In the alternative, Defendant argues that even if Plaintiff's allegations are true, they are irrelevant since the recording of an assignment of the deed of trust is not necessary for the holder of the mortgage to appoint a trustee or for the mortgage holder to foreclose on the property.

The Court may consider the documents Defendant Kozeny cites because they are a matter of public record and are embraced by the amended complaint. *See Mills*, 614 F.3d at 498. After reviewing these records, the Court finds that Plaintiff's allegations surrounding the succession in

---

[3] Specifically, Plaintiff alleges that "there are currently clouds and issues upon the title to the subject property in that the interests of defendant Wells Fargo does not appear of record anywhere before said defendant purported to appoint defendant Kozeny as Successor Trustee under the subject Deed of Trust" (Doc. 31).

4

title and interest in the property are not true. The documents recorded at the Clay County Recorder of Deeds plainly show that on August 11, 2011, Bank of Blue Valley assigned Wells Fargo the deed of trust for the property, and on August 16, 2011, Wells Fargo appointed Defendant Kozeny successor trustee. Thus, Plaintiff's argument that no record exists showing how Wells Fargo acquired its interest in the property or how it acquired the power to appoint Kozeny as successor trustee is without merit.

**B. Plaintiff's complaint fails to allege that he possesses superior title to the property.**

Defendant also contends that Plaintiff's complaint fails to properly plead an action to quiet title. Specifically, Defendant states that the complaint fails to allege how Plaintiff possesses superior title as compared to Kozeny. Additionally, Kozeny argues that even if Plaintiff had sufficiently pled his cause of action, he has defeated it by admitting that his interest in the property was subject to a deed of trust, acknowledging that Plaintiff's title to the property was subject to the terms and conditions of the deed of trust. Furthermore, Plaintiff has not pled that he did not default on the terms of the note and deed of trust.

Given Plaintiff's allegations, the complaint does not properly plead a quiet title action for two reasons. First, Plaintiff does not allege or plead facts stating he has superior title as compared to Kozeny. Rather, he states the title is clouded because of some gap in the chain of title of interests and rights concerning the property. Plaintiff's claim is further weakened by acknowledging the property is subject to a deed of trust, indicating that his title to the property is not free and clear of encumbrances, but that he is subject to the conditions placed on the deed of trust. The deed of trust gives a trustee the right to have the debt satisfied out of the property when the owner does not fulfill the terms of the mortgage agreement. *See City of St. Louis v. Koch*, 156 S.W.2d 1, 5 (Mo. Ct. App. 1941).

5

Accordingly, Plaintiff's complaint does not state a quiet title action against Kozeny because as a factual matter the title is not clouded, and as a legal matter he has not asserted or shown he holds superior title as to Kozeny. To the contrary, Plaintiff acknowledges the property was subject to a deed of trust, which permitted the trustee to execute a foreclosure sale of the property to satisfy the debt against it.

## II.     The complaint does not adequately state a claim for wrongful foreclosure.

A claim for wrongful foreclosure has been used both as a suit in equity to set aside the sale of a property and as a suit in law as a ground to recover tort damages. *Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortgage Corp.*, 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Generally, a wrongful foreclosure claim has the same basic elements as a suit in equity or in law. These include: (1) the commencement of foreclosure by sale of a deed of trust, (2) at a time where the mortgagor has committed no breach of condition or failure of performance that would authorize foreclosure, (3) so that the foreclosure is absolutely void.[4]

A wrongful foreclosure action is proper "against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." *Dobson*, 259 S.W.3d 19, 22 (internal citations omitted). "If there is a right to foreclose, there can be no tort cause of action for wrongful foreclosure." *Id.* A plaintiff seeking damages for wrongful foreclosure "must plead and prove that when the foreclosure proceeding was begun, there was no default on [his] part that would give rise to a right to foreclose." *Id.*

In equity, failure to give proper notice of sale may give rise to a wrongful foreclosure action because the defective sale is void. *Williams v. Kimes*, 996 S.W.2d 43, 46 (Mo. 1999). *See also*, *Manard v. Williams*, 952. S.W.2d 387, 391 (Mo. Ct. App. 1997) (holding that "lack of any

---

[4] *See* 34 Mo. Prac., Personal Injury and Torts Handbook § 57:2 (2011 ed.), (citing *Williams v. Kimes*, 996 S.W.2d 43 (Mo. 1999); *Peterson v. Kansas City Life Ins. Co.*, 98 S.W.2d 770 (Mo. 1936)).

6

Case 4:11-cv-01067-DGK   Document 52   Filed 10/09/12   Page 6 of 8

notice is such a fundamental procedural defect as to render null and void the foreclosure sale"). In such case, an action to set aside the foreclosure can result in nullifying the sale and restoring the mortgagor to title. *Id.*

Plaintiff has failed to state a claim for wrongful foreclosure because he has not plead that when the foreclosure proceeding began he was not in default, nor has he plead any other breach of condition or failure of performance by Defendant Kozeny. Plaintiff instead supports his claim for wrongful foreclosure by arguing that the foreclosure notice sent on August 24, 2010 did not, nor could not contain the required statements to make it a valid notice of foreclosure sale,[5] and, as such, the sale must be set aside. The Court interprets this as an attempt by Plaintiff to plead that he did not receive adequate notice of the foreclosure sale. As a preliminary matter, this conclusory statement does not allege facts sufficient to state a claim for wrongful foreclosure. Furthermore, Defendant's response includes a Corrective Successor Trustee's Deed,[6] (Doc 33-1), which Clay County recorded to attach the correct certified mailing receipts showing the notices that were sent to Plaintiff in connection with the sale of the property. Defendant Kozeny states this demonstrates that the trustee's sale proceeded in compliance with the law because proper notices were sent immediately prior to the foreclosure sale, not just in 2010 as Plaintiff alleges. This document is a matter of public record and necessarily embraced by the pleadings, therefore this Court may consider it in a 12(b)(6) motion to dismiss. *See Mills*, 614 F.3d at 498. Plaintiff does not deny that he received the later notices documented in the Corrective Successor Trustee's Deed, nor does he dispute the authenticity of the document. Because the public record

---

[5] The Court infers that Plaintiff is attempting to allege that because the notices sent in 2010 were approximately one year prior to the sale of the home they could not have stated the proper date, time, and location of the sale as required by law.

[6] This is used when a correction to the documentation must be made in connection with a foreclosure sale. In this case, Defendant Kozeny admits that mailing receipts sent to Plaintiff in 2010 were mistakenly attached to the Successor Trustee's Deed. Kozeny made this correction in the public record with the Clay County Recorder of Deeds to reflect later notices sent to Plaintiff informing him of the sale that actually did take place in 2011.

7

demonstrates that Plaintiff received later notices in connection with the foreclosure sale of the property in question, his allegation that notices sent in 2010 were insufficient is irrelevant. The record shows that multiple notices were sent in 2011 prior to the foreclosure sale of the property on September 19, 2011.

In his attempt to state a claim for wrongful foreclosure in equity or in law, Plaintiff does not plead any facts that allege Kozeny did not have a right to begin foreclosure proceedings, or that the process of foreclosure sale was so defective that the sale must be set aside. Accordingly, Plaintiff has not adequately stated a claim for wrongful foreclosure either in equity or in law.

## Conclusion

Because Plaintiff has not stated a cognizable quiet title action or claim for wrongful foreclosure against Defendant Kozeny, Defendant's 12(b)(6) motion to dismiss is GRANTED.

**IT IS SO ORDERED.**

Dated: October 9, 2012 /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE