**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY R. LACKEY, JR. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1067-CV-W-DGK |
| | ) | |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This case arises from the foreclosure sale of Plaintiff Gary Lackey's home in Kansas City, Missouri on September 19, 2011. Pending before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for summary judgment (Doc. 44).[1] Having fully considered the arguments on behalf of both parties, the Court GRANTS Defendants' motion for summary judgment.

**Background[2]**

In August of 2007, Plaintiff Gary Lackey purchased a home located at 800 N.E. 12th Terrace, Kansas City, MO 64155 ("the Property").[3] On August 7, 2007, Plaintiff executed a Note, payable to Bank of Blue Valley, and a Deed of Trust, granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the Property as nominee for Bank of Blue Valley (Doc. 45-4). SMF Registered Service, Inc. was named Trustee of the legal title of the Property. The Deed of Trust was recorded with the Clay County, Missouri Register of Deeds

---

[1] In ruling on this motion, the Court has considered Defendants' Suggestions in Support (Doc. 45), Plaintiff's Suggestions in Opposition (Doc. 51), and Defendants' Reply (Doc. 55).
[2] Much of this background is taken from the Court's October 9, 2012 Order granting Defendant Kozeny & McCubbin, L.C.'s motion to dismiss (Doc. 52).
[3] The property has a legal description of Lot 30, Block 7, Highland Acres, and is part of a subdivision in Kansas City, Clay County, Missouri.

on August 20, 2007 (Doc. 45-4). Plaintiff admits he defaulted under the terms of the Note and the Deed of Trust by failing to make required payments on or about February 15, 2011. In the event of a borrower's default, the Deed of Trust provided for a non-judicial, trustee foreclosure sale to convey the borrower's ownership interest in the Property (Doc. 45-4).

On August 11, 2011, MERS recorded an assignment of its interest in the Property as nominee for Bank of Blue Valley to Wells Fargo Bank, N.A. ("Wells Fargo") by an Assignment of Deed of Trust, recorded with the Clay County Recorder of Deeds (Doc. 45-6). On August 16, 2011, Wells Fargo recorded an Appointment of Successor Trustee at the Clay County Recorder, naming Defendant Kozeny as Successor Trustee to the Deed of Trust (Doc. 45-8).[4]

On September 19, 2011, Kozeny sold the Property at a foreclosure sale held at the Clay County Courthouse to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and executed a Successor Trustee's Deed to it on October 7, 2011 (Doc. 45-9). This was recorded by the Clay County Recorder of Deeds on October 12, 2011 (Doc. 45-9).

Plaintiff filed a *pro se* petition in Clay County, Missouri Circuit Court on August 30, 2011. Defendants removed this action to federal court on October 19, 2011. Plaintiff obtained counsel and then filed his second amended complaint.

### Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

---

[4] Prior to the August 2011 appointment of Kozeny & McCubbin, L.C. as Successor Trustee, Wells Fargo had previously appointed Kozeny as the Successor Trustee under the Borrower's Deed of Trust in August 2010 (Doc. 45-7). This appointment does not appear to be legally valid as MERS had not yet assigned its interest in the Property to Wells Fargo. Because the foreclosure sale at issue in this litigation occurred after Wells Fargo's proper second appointment of Kozeny & McCubbin, L.C. as Successor Trustee (Doc. 45-8) and because Plaintiff has cited no law supporting its contention that this improper assignment created a break in the chain of title, however, it is irrelevant whether the first assignment was improper.

2

R. Civ. P. 56(c). A party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When considering a motion for summary judgment, a court must evaluate the evidence in the light most favorable to the nonmoving party and must afford the nonmoving party "the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991).

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248.

## Discussion

## I. There is no genuine issue of material fact regarding Plaintiff's claim for quiet title relief.[5]

"A suit to quiet title is a special statutory action to adjudge the respective estates, titles, and interests of several claimants to land." *Sharp v. Crawford*, 313 S.W.3d 193, 199 (Mo. Ct. App. 2010). In Missouri, quiet title actions are governed by Mo. Rev. Stat § 527.150.1. In order to prevail in a quiet title action, it is not necessary that a plaintiff establish an indefeasible title against the whole world. Rather, a plaintiff must show that his title is good as against the particular defendant. *Id.* "In quiet title actions, the burden of establishing superior title is on the party bringing the action, and he must 'prevail on the strength of [his] own title and not on any weakness in the title of the other party.'" *Robson v. Diem*, 317 S.W.3d 706, 712 (Mo. App. Ct.

---

[5] The Court quotes directly from its order granting Defendant Kozeny's motion to dismiss, as its reasoning in that order is directly applicable here.

3

2010) (internal citation omitted).  If a plaintiff fails to prove that he holds record title, his cause must fail.  *McCord v. Gates*, 159 S.W.3d 369, 374 (Mo. App. Ct. 2004).

### A.  There is no cloud on the title.

Plaintiff alleges that there is a cloud on the Property's title because Wells Fargo appointed Defendant Kozeny as Successor Trustee to the Property prior to Wells Fargo receiving the assignment of the Deed of Trust from Bank of Blue Valley.[6]  This series of events, Plaintiff argues, creates the need for a quiet title action to remove the cloud over the title.  This argument is without merit.

The Assignment of Deed of Trust and Appointment of Successor Trustee documents (Docs. 45-6 and 45-8) demonstrate how MERS assigned the Deed of Trust to Wells Fargo, as recorded on August 11, 2011 in the Clay County, Missouri Recorder of Deeds (Doc. 45-6), and how Wells Fargo then appointed Defendant Kozeny as Successor Trustee through the Assignment of Successor Trustee (Doc. 46-8).[7]  These documents establish as a matter of Missouri law that a proper foreclosure sale did occur and that the Successor Trustee gave Plaintiff proper notice of this sale.  RSMo. §§ 443.290, 443.380 (giving legal and evidentiary effect to the statements contained in instruments concerning a sale under the power-of-sale foreclosure provisions of a deed of trust).

Accordingly, the Court finds there is no genuine issue of material fact establishing a cloud on the title to the property at issue.  The documents recorded at the Clay County Recorder

---

[6] Specifically, Plaintiff alleges that: "There are currently clouds and issues upon the title to the subject property in that the interests of defendant Wells Fargo does not appear of record anywhere before said defendant purported to appoint defendant Kozeny as Successor Trustee under the subject Deed of Trust.  There being no record of anything that gave Wells Fargo the power to appoint a Successor Trustee, a break in the chain of title of interests and rights upon plaintiff's property was created, which was not resolved by the later assignment of the Deed of Trust by MERS to Wells Fargo" (Doc. 31).

[7] These documents are a matter of public record and can be found at the Clay County, Missouri Recorder of Deeds.  The Court may consider these documents because they are a matter of public record and are embraced by the amended complaint.  *See Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010).

of Deeds show that on August 11, 2011, Bank of Blue Valley assigned Wells Fargo the Deed of Trust for the Property, and on August 16, 2011, Wells Fargo appointed Defendant Kozeny as Successor Trustee. Thus, Plaintiff's argument that no record exists showing how Wells Fargo acquired its interest in the Property or how it acquired the power to appoint Kozeny as Successor Trustee is without merit.

**B. Plaintiff does not possess superior title to the Property.**

Plaintiff's claim to quiet title also fails because Plaintiff cannot establish that he has superior title against Wells Fargo or Freddie Mac. A plaintiff cannot sustain a cause of action for quiet title where the plaintiff fails to show superior title to the Property at issue. *Dufrenne v. CitiMortgage, Inc.*, No. 4:09-CV-1524-HEA, 2009 WL 5103275, at *3 (E.D. Mo. Dec. 17, 2009). Here, there is no genuine issue of material fact as to whether Plaintiff has superior title as compared to Wells Fargo or Freddie Mac. Rather, as discussed above, the recording of the Successor Trustee's Deed on October 12, 2011, as revised by the Successor Trustee's Corrective Deed,[8] prove that Plaintiff's former ownership interest in the Property was extinguished by the foreclosure sale to Freddie Mac on September 19, 2011.

Accordingly, there is no genuine issue as to the title of the Property because as a factual matter the title is not clouded, and as a legal matter, Plaintiff has not shown he holds superior title as to either Wells Fargo or Freddie Mac.

**C. Notice of the foreclosure sale was made in accordance with Missouri law.**

In his Second Amended Complaint, Plaintiff also asserts that he did not receive proper

---

[8] The Successor Trustee's Corrective Deed states that "in compliance with § 443.325 RSMo., [Successor Trustee] caused to be deposited in the United States Mail, designated certified mail, not less than twenty days prior to the day of sale mentioned herein, envelopes with postage prepaid and containing a copy of the published notice of sale as shown on the affidavit of publication attached hereto" to Borrower at 800 NE 112th Terrace, Kansas City, Missouri 64155. The recording of the Successor Trustee's Corrective Deed simply addressed a clerical error caused by attaching incorrect certified mail receipt to the original Successor Trustee's Deed but otherwise reflected the occurrence and outcome of the September 19, 2011 foreclosure sale.

notice of the foreclosure sale from the Successor Trustee. As evidence of this, Plaintiff cites the original Successor Trustee's Deed, which attached certified mailing receipts from August 24, 2010. According to Plaintiff, the notice "did not comply with [the law] in any respect, as it did not nor could have contained the required statements as to the date, time and place of sale, and further could not have lawfully been issued by the Successor Trustee since defendant Kozeny was not appointed as such until the following year" (Doc. 31).

While the original Successor Trustee's Deed did attach certified mail receipts from a cancelled non-judicial foreclosure action in 2010, the Successor Trustee recorded the Successor Trustee's Corrective Deed on January 23, 2012, which attached certified mail receipts showing proper pre-sale notice of the foreclosure sale to Plaintiff. These mailing receipts show that notice was sent to Plaintiff on August 19, 2011, subsequent to Wells Fargo's appointment of Kozeny as Successor Trustee and a month prior to the foreclosure sale in accordance with the Missouri foreclosure statute. RSMo. § 443.325. In fact, Plaintiff attended the foreclosure sale on September 19, 2011, the date indicated in the original Successor Trustee's Deed and Successor Trustee's Corrective Deed.

### Conclusion

There is no genuine issue of material fact regarding title to the Property at issue or whether Plaintiff received notice of the foreclosure sale. Therefore, Plaintiff cannot maintain a quiet title action against Defendants Wells Fargo or Freddie Mac, and Defendants' motion for summary judgment (Doc. 45) is granted.

**IT IS SO ORDERED.**

Dated: January 4, 2013                                     /s/ Greg Kays_____
                                                          GREG KAYS,
                                                          UNITED STATES DISTRICT JUDGE

6