IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARY R. LACKEY, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-1067-CV-W-DGK |
| | ) |
| WELLS FARGO BANK, N.A., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION TO VACATE

This case arises from the foreclosure sale of Plaintiff Gary Lackey's home in Kansas City, Missouri on September 19, 2011. Pending before the Court is Plaintiff's Motion to Vacate Order Granting Summary Judgment and for a New Trial (Doc. 60) and Defendants' opposition (Doc. 62).[1] Having fully considered the parties' arguments, the Court DENIES Plaintiff's motion.

### Background[2]

In August of 2007, Plaintiff Gary Lackey purchased a home located at 800 N.E. 12th Terrace, Kansas City, MO 64155 ("the Property").[3] On August 7, 2007, Plaintiff executed a a promissory note ("the Note"), payable to Bank of Blue Valley, and a deed of trust ("the Deed of Trust"), granting Mortgage Electronic Registration Systems, Inc. ("MERS") a security interest in the Property as nominee for Bank of Blue Valley (Docs. 45-3, 45-4). SMF Registered Service, Inc. was named Trustee of the legal title of the Property. The Deed of Trust was recorded with

---

[1] In ruling on this motion, the Court has considered Docs. 60, 61, 62, 63, 66, and 67.
[2] Much of this background is taken from the Court's January 4, 2013 Order granting Defendants' motion for summary judgment (Doc. 58).
[3] The property has a legal description of Lot 30, Block 7, Highland Acres, and is part of a subdivision in Kansas City, Clay County, Missouri.

1

the Clay County, Missouri Register of Deeds on August 20, 2007 (Doc. 45-4). Plaintiff admits he defaulted under the terms of the Note and the Deed of Trust by failing to make required payments on or about February 15, 2011. In the event of a borrower's default, the Deed of Trust provided for a non-judicial, trustee foreclosure sale to convey the borrower's ownership interest in the Property (Doc. 45-4).

On August 11, 2011, MERS recorded an assignment of its interest in the Property as nominee for Bank of Blue Valley, its successors and assigns to Wells Fargo Bank, N.A. ("Wells Fargo") by an Assignment of Deed of Trust, recorded with the Clay County Recorder of Deeds (Doc. 45-6). On August 16, 2011, Wells Fargo recorded an Appointment of Successor Trustee at the Clay County Recorder, naming Defendant Kozeny & McCubbin, L.C. ("Kozeny") as Successor Trustee to the Deed of Trust (Doc. 45-8).

On September 19, 2011, Kozeny sold the Property at a foreclosure sale held at the Clay County Courthouse to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and executed a Successor Trustee's Deed to it on October 7, 2011 (Doc. 45-9). This was recorded by the Clay County Recorder of Deeds on October 12, 2011 (Doc. 45-9).

Plaintiff filed a *pro se* petition in Clay County, Missouri Circuit Court on August 30, 2011. Defendants removed this action to federal court on October 19, 2011. Plaintiff obtained counsel and then filed his second amended complaint. On October 9, 2012, this Court granted Defendant Kozeny's motion to dismiss for failure to state a claim (Doc. 52). On January 4, 2013, the Court granted summary judgment in favor of Defendants Wells Fargo and Freddie Mac, finding that there was no genuine issue of material fact regarding Plaintiff's claims (Doc. 58).

2

**Standard**

Plaintiff fails to cite a specific procedural rule upon which his motion to vacate is grounded. Under certain circumstances, case law authorizes the vacation of judgment under Rule 59(e) or under Rule 60(b). *See Foman v. Davis*, 371 U.S. 178, 180 (1962). A Rule 59(e) motion "serve[s] the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Similarly, a Rule 60(b) motion serves to relieve a party from a final judgment if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" or there is "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6).

**Discussion**

Plaintiff has failed to provide any newly discovered evidence which this Court should consider in vacating its order granting Defendants summary judgment. Furthermore, there are no manifest errors of law or fact that justify vacating the Court's previous order. Accordingly, Plaintiff's motion is denied.

In Plaintiff's motion to vacate, he reiterates the same arguments raised in his opposition to Defendants' motion for summary judgment. The Court fully addressed these issues in its January 4, 2013 order. As the Court noted there, Plaintiff cannot maintain a claim against Defendants for quiet title because he has not shown that there are any disputed issues of material fact.

Plaintiff's primary argument is that there is a cloud on the Property's title because Wells Fargo did not have the authority to appoint Defendant Kozeny as Successor Trustee to the

3

Case 4:11-cv-01067-DGK   Document 68   Filed 04/24/13   Page 3 of 5

Property prior to selling the Property.[4]  In support of this argument, Plaintiff notes that MERS, as the holder of the beneficial interest under the Deed of Trust, could only assign the Deed of Trust to Wells Fargo if it had the authority of the principal, the actual lender.  Plaintiff argues that MERS did not have this authority because in the document assigning the Deed of Trust to Wells Fargo, there is no record of the lender on whose behalf MERS assigned its interest.  Rather, the document states only that the assignment was granted on behalf of MERS, "as nominee for Bank of Blue Valley, its successors and assigns."  Because there is no document showing who the lender was at the time MERS assigned its interest, Plaintiff argues the assignment is invalid.

Yet, Plaintiff cannot base his claim upon mere conjecture.  Plaintiff has provided no evidence that Bank of Blue Valley was not the lender at the time MERS assigned the Deed of Trust to Wells Fargo.  At the summary judgment stage, the question is not whether Plaintiff may have a claim but rather can Plaintiff prove his claim at trial.  And, while the party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986), the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Instead, the nonmoving party must set forth "specific facts showing there is a *genuine issue* for trial."  *Id.* (citing Fed. R. Civ. P. 56(e)); *McCormick v. Ross*, 506 F.2d 1205, 1208 (8th Cir. 1974) (finding that "when a party seeks summary judgment and makes out a convincing showing that genuine issues of fact are lacking, the adversary is required to adequately demonstrate by receivable facts that a real,

---

[4] Specifically, Plaintiff alleges that: "There are currently clouds and issues upon the title to the subject property in that the interests of defendant Wells Fargo does not appear of record anywhere before said defendant purported to appoint defendant Kozeny as Successor Trustee under the subject Deed of Trust.  There being no record of anything that gave Wells Fargo the power to appoint a Successor Trustee, a break in the chain of title of interests and rights upon plaintiff's property was created, which was not resolved by the later assignment of the Deed of Trust by MERS to Wells Fargo" (Doc. 31).

4

not a formal, controversy exists in order to defeat the motion for summary judgment"). Because Plaintiff provides no specific facts to support his allegations that there is an undisclosed lender who did not authorize MERS to assign the Deed of Trust to Wells Fargo, there is no genuine issue sufficient to warrant a trial.[5]

## Conclusion

There is no genuine issue of material fact warranting trial.[6] Therefore, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**


Dated: April 24, 2013                              /s/ Greg Kays
                                                  GREG KAYS,
                                                  UNITED STATES DISTRICT JUDGE

---

[5] Defendants also present evidence that Bank of Blue Valley endorsed the Note to Wells Fargo (Doc. 45-3). While there is no evidence of the date on which this occurred, Plaintiff has failed to provide any evidence suggesting that this endorsement occurred after Wells Fargo appointed Kozeny as Successor Trustee. Plaintiff further argues that there is no evidence that Wells Fargo was in possession of the Note at the time it appointed Kozeny as Successor Trustee. However, this show-me-the-note theory has been explicitly rejected by this Court. *See Barnes v. Federal Home Loan Mortg. Corp.*, Case No. 5:12-CV-06062-DGK (Doc. 62).

[6] As to Plaintiff's other arguments in its motion to vacate, the Court reiterates its reasoning in Doc. 58.